[Civ. No. 7893.    Third Dist.    July 25, 1951.]

IVY J. BRIDGFORD, Appellant, v. SCOTT SAWYER et al., Respondents.

[Civ. No. 7894.    Third Dist.    July 25, 1951.]

GLENN BRIDGFORD, Appellant, v. SCOTT SAWYER, et al., Respondents.

Willens & Boscoe and Landram & Silveira for Appellants.

C. Ray Robinson and W. Eugene Craven for Respondents.

PEEK, J.—Plaintiffs in these two consolidated actions have appealed from the order granting defendant Merced Irrigation District's motion for a new trial.

The complaints allege that while the plaintiffs, who were husband and wife, were traveling in an automobile driven by Glenn Bridgford, the automobile overturned as a result of crossing a flooded portion of the highway, causing severe injuries to them both. It was further alleged that the flooding of the highway was caused by a cut or opening in the district's irrigation ditch bordering the highway. Named as defendants were the irrigation district, its directors and certain of its employees, and certain employees of the State Department of Public Works, Division of Highways. A nonsuit was granted as to the directors of the Irrigation District and as to three of the employees of the Division of Highways. Following the verdict, which was in favor of both plaintiffs against the irrigation district, the district moved for a new trial. In the order granting the motion the court expressly stated that the ground was that the evidence was insufficient to justify the verdict. The sole question on appeal is the validity of the order granting said motion.

From the evidence adduced at the trial it appears that the flooding of the highway, which caused the accident, was in turn caused by a cut in the irrigation ditch bordering the highway. The absence of vegetation on the inside of the cut indicated that it was a new one. In the past employees of the Division of Highways had cut openings in the bank of the ditch in order to drain water from the highway. After the accident the cut in question was filled by an employee of the irrigation district. The day prior to the accident the ditch had been patrolled by an employee of the irrigation district, and no breaks or cuts in the bank were discovered at that time.

Appellants' principal contention is that the order granting a new trial does not specify insufficiency of the evidence to justify the verdicts within the meaning of section 657 of the Code of Civil Procedure, both because it was not the "usual

unequivocal order'' and because a reading of the order as a whole demonstrates that insufficiency of the evidence was not the true basis of the order.

■ The written order granting the new trial contained a short discussion by the court on some aspects of the case and concluded with these two sentences: ''For the foregoing reason the Court is of the opinion that the evidence is insufficient to justify the verdict of the jury and for that reason is against the law. IT IS, THEREFORE, ORDERED that the verdict of the jury in this case be set aside and the defendant, Merced Irrigation District is hereby granted a new trial.''

There can be no question but that the import of the language quoted from the order was that the basis of granting the new trial was insufficiency of the evidence. ■ Hence it falls squarely within the statement in *Secreto* v. *Carlander,* 35 Cal.App.2d 361, 364 [95 P.2d 476], that it is the law of this state that ''if in passing upon a motion for a new trial, the language used by the trial court in its order is susceptible of being interpreted as tantamount to granting a new trial on account of the insufficiency of the evidence, it is unnecessary to use the exact language set forth in subdivision 7, section 657 of the Code of Civil Procedure, and that language used in the order bearing the same import and conveying the same idea as the specific language set forth in the code section is sufficient.''

■ Furthermore, the reasoning of the court as set forth in the order itself will not be here considered to show that sufficiency of the evidence was not the true basis of the order or to overthrow the trial court's ruling. (*Diaz* v. *Shultz,* 81 Cal.App.2d 328 [183 P.2d 717].) ''While an opinion of the judge of the trial court will aid the appellate court in ascertaining the process by which a judgment has been reached it will not be considered in determining whether or not the verdict of the jury or the findings of the court are supported by the evidence. . . . The order when made by the court concludes the case and it cannot be impeached by the judge's opinion. The question that concerns the reviewing court is whether or not the final decision, judgment or order is correct and not whether the reasons expressed in the opinion are in harmony with the result reached or whether they sustain the decision.'' (*Stone* v. *Los Angeles County Flood Control Dist.,* 81 Cal.App.2d 902, 907 [185 P.2d 396].)

The only question that remains, then, is whether the granting of a new trial on the ground of insufficiency of the evidence

was, under the facts and circumstances of this case, an abuse of discretion. ▮ The granting of a motion for a new trial rests completely within the discretion of the trial judge, and on appeal from an order granting a new trial all presumptions are in favor of the order as against the verdict. (*Stone* v. *Los Angeles County Flood Control Dist., supra.*) ▮ It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305 [163 P.2d 689].) From our examination of the record before us we cannot say that there was no substantial evidence to support a finding that the respondent was free from negligence. It necessarily follows that there was no abuse of discretion in the granting of a new trial.

The question raised and discussed at length in the briefs of the respective parties as to whether an irrigation district enjoys sovereign immunity from liability for damages for personal injuries is not properly before this court. This appeal is solely from the order granting respondent a new trial. Therefore the only question before this court is the propriety of that order.

The order is affirmed.

Adams, P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied August 23, 1951, and appellants' petition for a hearing by the Supreme Court was denied September 20, 1951.