[Civ. No. 4862.   Fourth Dist.   Oct. 7, 1954.]

DANIEL J. SCANNELL, Respondent, v. CHARLES SCHMIDT, JR., et al., Appellants.

Mack, Bianco & King for Appellants.

Walter Wencke for Respondent.

GRIFFIN, J.—Plaintiff and respondent brought this action for damages for personal injuries and property damage claimed to have been sustained by him arising out of an automobile collision with defendants' and appellants' automobile,

about noon on January 24, 1952, on Highway 101, about 2 miles south of Carlsbad. Negligence of defendants was denied and contributory negligence of plaintiff was alleged. A jury returned a verdict in favor of defendants, who have appealed from an order of the trial court granting a new trial on the grounds of insufficiency of the evidence to justify the verdict.

The roadway at the point of collision consisted of three lanes of asphalt sheet paving, each approximately 10 feet wide, divided by broken white center lines, together with a shoulder on each side of the highway. The entire roadway was practically level. Farther south toward San Diego the roadway was a four-lane divided highway. Plaintiff was traveling north from San Diego. Defendant Schmidt, Jr., was driving south in a Cadillac which belonged to his defendant wife and was being driven with her permission and consent. Both drivers were alone in their respective cars and no independent eyewitnesses testified at the trial. Shortly after leaving Carlsbad, defendant came upon a large truck and trailer which was proceeding south toward San Diego in the southbound lane, as was defendant. According to defendant's testimony, he started pulling out from behind the truck and could then see a considerable distance down the highway. He stated that about the time he pulled out into the center lane to pass the truck he saw plaintiff pull out into the center lane, and a car was in front of and to the right of plaintiff's car proceeding northerly in the east lane; that he, defendant, thought the distance between them was safe enough for him to overtake and pass the truck and trailer; that he proceeded to a point even with the cab of the truck at about 50-55 miles per hour while the truck was proceeding at about 45 miles per hour; that at that point he sensed danger and "gunned" his car in an effort to pass the truck, but was unable to do so, so he applied his brakes and veered to his left into the northbound lane because it was impossible for him to turn to his right on account of the presence of the truck in the right lane, and because plaintiff was approaching in the center lane "dead ahead of me." He said he turned to his left to avoid a collision. It appears that plaintiff turned his car to his right and into the right northbound lane about the same time, and the two cars collided in that lane. Defendant estimated plaintiff's speed at 45 miles per hour.

Plaintiff testified that as he approached the truck and trailer he could not say which lane he was traveling in, but

claimed that when he first saw defendant's car he (plaintiff) was driving in the northbound lane, or one wheel may have been over in the center lane, because he was looking at a horse standing near the side of the road at that point; that he was not attempting to overtake and pass any other vehicle traveling in the same direction, although he admitted a northbound car was approximately 100 feet in front of him. The testimony of the highway patrolman and the pictures in evidence clearly indicate that the skid or tire marks made by plaintiff's left rear wheel commenced leaving their marks about 3 feet in the center lane and the right rear wheel marks commenced about two feet over in the northbound lane and continued to proceed northerly 84 feet on the left wheel and 126 feet on the right wheel to the point of collision which was well over in the northbound lane. The distance of the tire marks of defendant's car was indicated to be about 153 feet. Both plaintiff and defendant were severely hurt.

Defendants concede the familiar rule governing this court in respect to the reviewing of an order of the court granting a new trial is that it is largely within the discretion of the trial court; that in passing upon such a motion the trial court is not bound by the rule of conflicting evidence as is the appellate tribunal, but must hear and consider the evidence for both parties and determine itself the just conclusion to be drawn from it, and if it is satisfied that the finding of the jury is contrary to the weight of the evidence it may grant a new trial, citing such cases as *Gordon* v. *Roberts,* 162 Cal. 506 [123 P. 288]; *Smith* v. *Royer,* 181 Cal. 165 [183 P. 660]; and *Moss* v. *Stubbs,* 111 Cal.App. 359 [295 P. 572, 296 P. 86], but it is claimed that the evidence here produced comes within the well-recognized exception that where there is no substantial conflict in the testimony on the material issues, and the evidence as a whole would be insufficient as a matter of law to support a verdict in favor of the moving party an order granting a new trial cannot be sustained, citing such cases as *Springer* v. *Pacific Fruit Exchange,* 92 Cal.App. 732 [268 P. 951]; *Gold* v. *Arizona Realty etc. Co.,* 12 Cal.App.2d 676 [55 P.2d 1254]; and *Harvey* v. *Machtig,* 73 Cal.App. 667 [239 P. 78].

Defendants' argument in this respect is that the evidence conclusively shows: (1) That defendants' vehicle was in the passing lane first. (2) That plaintiff could not make a fair estimate of defendant's speed. (3) That defendant's use of the right-hand or southbound lane was blocked by the truck

and this fact was obvious to plaintiff. (4) That there was no reason why plaintiff could not have driven either into his right-hand lane or onto the 24-foot shoulder and have avoided the accident. And (5) That the evidence of the plaintiff himself shows that the defendant was not negligent in any particular and that the plaintiff was solely responsible for his own injury as a matter of law.

A fair interpretation of the evidence produced and the inferences allowed to be drawn therefrom support the conclusion that the granting of the motion for a new trial was authorized. It might well indicate that defendant, in attempting to pass the truck and trailer, did not see the approach of plaintiff's car as he left the southbound lane in which he had been previously driving and entered the center lane at a time when it was dangerous to do so, and that he negligently crossed over into the northbound lane and collided with plaintiff's car without using reasonable precaution in so doing.

The evidence as to the conduct of the parties was conflicting. A trial court, in considering a motion for new trial, is not bound by the rule of conflicting evidence. When the motion is granted, as here, for insufficiency of the evidence, it is only in rare cases showing abuse of discretion that an appellate court will interfere because the trial judge must weigh all the evidence and determine the just conclusion to be drawn therefrom. (*Estate of Green*, 25 Cal.2d 535, 542 [154 P.2d 692].)

Some exception is taken to the remarks of the trial judge in expressing his reasons for granting the motion. Some of the remarks would have been better unsaid because they only furnish material for extraneous argument of counsel in connection with the merits of the appeal. We conclude that these remarks had little bearing on the question of the sufficiency of the evidence.

In *Gray* v. *Robinson*, 33 Cal.App.2d 177 [91 P.2d 194], and *Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App.2d 777 [163 P.2d 756], the court held that the reasons given by a trial judge in support of his ruling on a motion for new trial are not binding on an appellate court, but such opinions are of value in illustrating the judge's theory. No abuse of discretion appears in granting the motion for new trial.

Order affirmed.

Barnard, P. J., concurred.