[Civ. No. 25664.   Second Dist., Div. Four.   Jan. 18, 1962.]

JOANN M. FENNELL, Plaintiff and Appellant, v. MICHAEL F. FENNELL, Defendant and Respondent.

268

Edward L. Lacy for Plaintiff and Appellant.

Walleck & Shane and David L. Shane for Defendant and Respondent.

BURKE, P. J.—On June 29, 1960, plaintiff wife filed an action for divorce on the ground of extreme cruelty. A copy of the summons and complaint and a copy of an order to show cause were served on defendant husband on July 1, 1960. At the hearing of the order to show cause on July 7, 1960, both of the parties were present in court and entered into a stipulation and an order was made thereon. Thereafter on July 19, 1960, the default of the defendant was entered. An interlocutory judgment of divorce was granted to plaintiff on September 13 and entered on September 16, 1960.

On December 19, 1960, defendant filed a motion to vacate his default and the interlocutory judgment of divorce under the provisions of section 473 of the Code of Civil Procedure. This motion was set for hearing on December 30, 1960, and was granted. The appeal is from the order granting that motion.

Plaintiff wife contends that the trial court abused its discretion by vacating the default of defendant and the interlocutory judgment of divorce. The evidence before the trial court on the motion to vacate consisted of an affidavit by defendant and affidavits by plaintiff and her counsel. In defendant husband's affidavit he recites that after the divorce action was filed he went voluntarily to the office of his wife's attorney and received a copy of the summons and complaint. He stated that he attended the order to show cause hearing and that both he and his wife agreed to the terms set forth in the order that was made. He asserts that at the conclusion of the court hearing his wife's attorney "stated to us both that we should attempt to work out a property settlement agreement, and that when we had arrived at such an agreement, to contact him and he would put the case on calendar." He asserted that in the months following he and his wife discussed the division of property but never did arrive at any agreement; that his wife made no mention she was going ahead with the divorce; that he received no information concerning the interlocutory decree; that in the week of November 21, 1960, he and his wife again discussed a property settlement and agreed upon certain terms but that when she did not want to settle it in writing he became concerned and consulted a lawyer. At this time he learned that a divorce had been granted.

In the wife's affidavit she stated that when she went to her attorney her husband accompanied her and that he told her attorney that if she didn't get a divorce he would get one, but that he would prefer that she get it. She said that her attorney advised defendant on a number of occasions in her presence that if he wanted to contest the action he should employ his own attorney and answer the complaint; that defendant stated that he felt this would be a waste of money and that he did not want to contest the case. The wife asserted that she and defendant had reached a property settlement agreement.

In the affidavit of plaintiff's counsel he recited that defendant advised him that he did not want to contest the divorce action and that he did not want to employ an attorney on his own behalf.

At the hearing on the motion to set aside the default the judge stated that he did not think that a showing had been made of actual mistake or inadvertence on the part of defendant, however, from the affidavit of defendant, he felt that defendant expected that there would be a hearing for further

determination of his interest in the community property and that he believed defendant was entitled to such a hearing.

At the conclusion of the hearing the judge granted the motion, thereby resolving the conflicts in the affidavits in favor of defendant. Viewing the affidavits in the light most favorable to defendant they do establish a basis for the action of the judge upon the ground of surprise or excusable neglect.

■ The law is settled that an appellate court reviews the action taken by the trial judge and not the judicial reasoning or comment. "Any language illustrative of the trial court's theory or contradictory to the order expressly made, is therefore irrevelant [sic] and must be disregarded." (*Yarrow* v. *State*, 53 Cal.2d 427, 439 [2 Cal.Rptr. 137, 348 P.2d 687].)

■ The granting or denying of a motion to vacate a default rests in the sound discretion of the trial court and is not to be disturbed on appeal unless an abuse of discretion clearly appears. (*Baratti* v. *Baratti*, 109 Cal.App.2d 917, 921 [242 P.2d 22]; *Wilterdink* v. *Wilterdink*, 81 Cal.App.2d 526 [184 P.2d 527].) In commenting on the application of this rule the court said in the case of *Yarbrough* v. *Yarbrough*, 144 Cal.App.2d 610, 614-616 [301 P.2d 426], "We are also aware of the rule that appellate courts, generally, are more inclined toward upholding orders vacating defaults than affirming denials of such motions, in order to dispose of cases, where possible, upon their merits. [Citing cases.] We are also aware that this rule applies with particular force to divorce actions. [Citing cases.] . . . The burden of showing that the default was entered through mistake, inadvertence, surprise or excusable neglect is on the moving party, and in the absence of such a showing the default may not be set aside. [Citing cases.] . . . ■ There can be no doubt that a trial court may find excusable neglect or surprise where settlement negotiations are being had between counsel, and where there is an oral or implied understanding that no default will be taken without notice, and counsel takes such a default without notice. [Citing cases.]"

■ We hold that the trial court's action in setting aside the default judgment of divorce was a resolving of conflicting facts in favor of defendant's belief that an understanding existed between the parties that defendant would have a further opportunity to be heard in the final determination of the case. Such action of the trial court was not an abuse of discretion.

The order appealed from is affirmed.

Jefferson, J., and Balthis, J., concurred.

A petition for a rehearing was denied February 13, 1962, and appellant's petition for a hearing by the Supreme Court was denied March 14, 1962.