**John S. ADKINS, Petitioner,**

**v.**

**The UNITED STATES DISTRICT COURT, Central District of California, and the Honorable Manuel L. Real, United States District Judge, Central District of California, Respondents.**

**No. 25549.**

United States Court of Appeals, Ninth Circuit.

Sept. 1, 1970.

Rehearing Denied Sept. 30, 1970.

Rosenfeld, Meyer, & Susman, Beverly Hills, Cal., for petitioner.

Christie, Parker & Hale, Pasadena, Cal., for real parties.

Before WRIGHT and TRASK, Circuit Judges.

WRIGHT, Circuit Judge:

This matter is before us on petition for writ of mandamus to review the District Court's decision to exercise jurisdiction and go forward with a declaratory judgment suit that has been stayed since 1964.

The history of this litigation is long and complex. *See*, Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), rev'g 67 Cal.2d 882, 64 Cal. Rptr. 545, 435 P.2d 321 (1967); Adkins v. Lear, Inc., 52 Cal.Rptr. 795 (Dist.Ct. App.1966); Lear Siegler, Inc. v. Adkins, 330 F.2d 595 (9th Cir. 1964). For our present purposes it is sufficient to note that it involves an agreement whereby Adkins, in exchange for royalties, licensed Lear to use an improvement he devised relating to the construction of gyroscopes. This improvement was ultimately patented in 1960. Suit for royalties was thereafter brought by Adkins in the California state courts.

Pursuant to the Supreme Court's mandate and the construction placed on the agreement by the California Supreme Court, the following issues are now involved in the state court suit:

(1) Is Adkins' patent valid? If it is, he is entitled to recover substantial unpaid royalties from Lear. A state court jury upheld the patent but the state trial judge granted judgment n. o. v. to

Lear on the grounds of invalidity. The Supreme Court of California ultimately reviewed this determination but did not rule on the issue of invalidity since it felt that the doctrine of licensee estoppel precluded a direct challenge to the validity of the patent.

(2) If the patent is invalid, does California law nevertheless recognize an inventor's right to claim royalties during the pendency of the application in the Patent Office?

(3) Finally, if the patent is invalid and if California recognizes such a right, is this right compatible with the strong federal policy favoring competition in ideas which do not merit patent protection as emphasized in Sears, Roebuck v. Stiffel Co., 376 U.S. 225, 84 S. Ct. 784, 11 L.Ed.2d 661 (1964) and Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964)?

Issues (2) and (3) were first interjected into this controversy by the Supreme Court. If the answer to both questions is "yes," then Adkins is entitled to recover royalties for the period from the beginning of the contract (1955) to the time the patent issued (1960).

This petition involves not the state court suit directly, but rather a companion suit brought by Lear in the District Court for the Central District of California. The companion federal suit was filed in 1963, seeking a declaration of the invalidity of Lear's patent. That suit was stayed in 1964 pending the outcome of the state court proceedings which involved the same issues.

When the Supreme Court handed down its decision overturning the doctrine of licensee estoppel, Lear asked the District Court to vacate the stay and proceed with the trial of the declaratory judgment suit. The District Court initially refused but later agreed that it would proceed if the California Supreme Court agreed. After having been informed that the District Court was willing to proceed, the California Supreme Court stayed its proceedings in order to permit the issue of the validity of Adkins' patent to be litigated de novo in the federal courts.

We have been much concerned as to whether the District Court's action in asserting its willingness to proceed was compatible with the principles announced in Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); and Shell Oil Co. v. Frusetta, 290 F.2d 689 (9th Cir. 1961). That is, we have wondered whether principles of judicial administration did not require that the entire controversy remain in the Supreme Court of California, the only court that could apparently resolve all these issues in a single opinion, rather than fragmenting the case between the District Court and the state courts. In applying the principles of Brillhart and Kerotest, of course, we are entitled to substitute our own view of sound judicial administration for that of the court below. Delno v. Market St. Ry. Co., 124 F.2d 965 (9th Cir. 1942).

It appears, however, that although the issue of the patent's validity was submitted to the state court jury and passed on by the state trial judge, the latter decided to allow testimony on the issue of validity midway through the trial. Previous to that time, he had taken the position ultimately adopted by the California Supreme Court—that Lear was estopped to contest the patent's validity. Apparently recognizing that his change of heart might well have made Lear's task unduly difficult, the state trial judge (in addition to granting Lear's motion for judgment n. o. v.) granted Lear's motion for a new trial on the grounds that this procedural irregularity had deprived Lear of a fair trial on the issue of validity.

Under California law, the party attacking the grant of a new trial has the burden of showing an unmistakable

abuse of discretion on the part of the trial judge. Yarrow v. State, 53 Cal.2d 427, 434, 2 Cal.Rptr. 137, 144, 348 P.2d 687, 694 (1960); cf. Adkins v. Lear, Inc., *supra*, 67 Cal.2d 882, 64 Cal.Rptr. 545, 435 P.2d at 344. We think it unlikely that a California reviewing court would find such an unmistakable abuse of discretion in the ruling that the trial court's change of heart had worked prejudice to Lear so as to justify the grant of a new trial on the issue of validity.

That being so, proceedings in three courts would no doubt have been necessary if this action remained in the state courts—a trial in the Superior Court on the issues of validity and infringement, review in the District Court of Appeal, and, if the patent is held invalid, a hearing in the California Supreme Court to determine the inventor's rights under California law. If the issue of validity is tried in the District Court, proceedings would, at most, be required in exactly the same number of courts. Indeed, if the patent is held invalid in the California courts, it is extremely likely that the Supreme Court of the United States might well desire another look at this controversy in order to resolve the issues which were specifically reserved in its first review.

Petitioner suggests that the Federal Court has somehow improperly singled out certain issues for trial and has thereby abused its discretion. It this is so, mandamus would be available, as petitioner argues, to review District Court rulings that improperly jeopardize sound principles of judicial administration and require needless fragmentation of the issues. *See* 6 J. Moore, Federal Practice ¶54.10 [6] at 109 (2d Ed. 1966).

We have considered petitioner's other arguments including the suggestion that proceeding in the District Court would be violative of the Seventh Amendment but conclude that these contentions are without merit.

For these reasons, the petition is denied and this court's order granting temporary stay on April 15, 1970, is hereby vacated.