[Civ. No. 5818.   Fourth Dist. · Aug. 22, 1958.]

MARY ANN BUTLER, a Minor, etc., Respondent, v. JOHN B: HOPEWELL, Appellant.

Oakes & Horton and Harry H. Horton for Appellant.

Clinton F. Jones for Respondent.

MUSSELL, J.—This is an action for damages for personal injuries sustained by plaintiff in an intersection automobile collision. A jury returned a verdict in favor of plaintiff for the sum of $475, following which the trial court granted a new trial "on all the issues upon the ground of insufficiency of the evidence to justify the verdict in that the amount awarded is not in conformity with the evidence adduced at the trial and is inadequate." Defendant John B. Hopewell appeals from this order, claiming that the trial court abused its discretion in granting a new trial.

On January 15, 1953, plaintiff, Mary Ann Butler, then approximately 9 years of age, and Marjorie Ann Church, another minor, were seated in the rear of a 1930 Ford pickup which was involved in an intersection accident with an automobile being driven by the defendant John B. Hopewell. As a result of this collision plaintiff's head struck the side of the pickup and she was thrown through the air about 20 feet and "landed on her buttocks." She was unconscious for several minutes and was taken to the Palomar Memorial Hospital in Escondido.

Dr. Flaiz, who examined plaintiff on her admission to the hospital, testified that she complained of pain in her head and back; that she exhibited some abrasions on her right thigh, and there was also a small puncture wound on her right side; that she was admitted to the hospital on January 15, 1953, and was discharged on January 24th; that the final diagnosis was concussion. The discharge sheet of the hospital record also indicated that there was a fracture of the lamina of the left fifth lumbar vertebra. However, the evidence shows that there was no fracture as stated in this record. On March 23, 1953, plaintiff was again examined at the hospital and was complaining that she had headaches and some low back ache. Again on September 29, 1953, she complained of headache when tired and on shaking or motion of her head. On March 21, 1955, she complained of pain in her left back and sacroiliac region during the previous four to six weeks. On July 9, 1956, plaintiff complained that while doing housework her back started hurting; that her left leg ached and kept her awake during the previous night. Plaintiff was then sent to the Children's Hospital where she remained for 10 days.

Dr. Werden, who was called as a witness by the defendant, testified that he examined plaintiff in March, 1954, and that at that time he concluded that she had sustained a mild to slight degree of concussion of the brain, but that this had

cleared up and left her without any residual symptoms and no disability. In 1956 Dr. Werden again examined plaintiff and at that time thought she had a backward dislocation of the cartilage in the lower part of her back. Dr. Werden and Dr. Woods, who was called as a witness for the plaintiff, agreed that plaintiff was suffering from spondylolisthesis, a forward slipping of the vertebrae, but there was a sharp conflict in the evidence as to whether this condition was congenital or caused by the automobile accident. Dr. Woods testified that in his opinion this spondylolysis condition was attributable to and caused by the initial trauma which plaintiff sustained in the accident. Dr. Woods further testified that plaintiff will require surgery to correct her condition, requiring further hospitalization and expense.

The record shows that at the time of the trial plaintiff's hospital bill was $114.50 and her doctor's bill was $118. These items were not disputed. It is apparent, therefore, that the jury awarded plaintiff the sum of $242.50 as general damages.

In *Phillips* v. *Lyon,* 109 Cal.App. 264, 268 [292 P. 711], it is said that it is difficult to determine just what state of facts will warrant a trial court in setting aside the verdict of the jury on the ground that the award is inadequate or what record will justify an appellate court in reversing a judgment on that ground.

In passing upon a motion for a new trial based upon the insufficiency of the evidence, it is the exclusive province of the trial court to judge the credibility of the witnesses, determine the probative force of testimony, and weigh the evidence. In considering the sufficiency of the evidence upon such motion the court may draw inferences opposed to those drawn at the trial, and where the only conflicts consist of inferences deduced from uncontradicted probative facts, the court may resolve such conflicts in determining whether the case should be retried. It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court. (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689].)

In *Amavisca* v. *City of Merced,* 149 Cal.App.2d 481 [308 P.2d 380], it was held that a motion for a new trial, on the ground that the verdict is inadequate, appeals peculiarly to the discretion of the trial court, and its order should not be disturbed on appeal in the absence of a showing of abuse of discretion, and that upon a motion for a new trial based upon

the contention that the damages are inadequate, the trial court should review the evidence, not only with respect to the issue of damages but also with respect to the issue of liability.

In *Parks* v. *Dexter,* 100 Cal.App.2d 521, 527 [224 P.2d 121], it was held that it was within the province of the trial court to pass upon the sufficiency of the evidence to sustain the verdict for the damages allowed and that the appellate court may not reverse the order unless it clearly appears that the trial court abused its discretion. In *Clifford* v. *Ruocco,* 39 Cal. 2d 327, 332 [246 P.2d 651], in the concurring opinion written by Mr. Justice Carter, it is stated that if there is evidence which supports the conclusion of the trial court as to the inadequacy of the damages awarded, its conclusion in such a case should likewise not be disturbed by the appellate court.

In the instant case it clearly appears that there is substantial evidence which would support a verdict and judgment contrary to that entered. It follows that the trial court did not abuse its discretion in determining that the sum of $242.50 as general damages was an inadequate award for the injuries suffered by the plaintiff herein.

The order granting a new trial is affirmed.

Griffin, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 15, 1958.