[Civ. No. 18078.   First Dist., Div. Two.   Dec. 15, 1958.]

MARY L. GONZALES, Respondent, v. PACIFIC GREY-
HOUND LINES (a Corporation) et al., Appellants.

Carroll, Davis, Burdick & McDonough for Appellants.

Bernard Allard, Kessler & Kessler, Leon G. Seyranian and Richard J. Moore for Respondent.

KAUFMAN, P. J.—This is an appeal from an order granting plaintiff's motion for a new trial in a personal injury action. Plaintiff Mary Gonzales brought this action against defendant Pacific Greyhound Lines, its employee, the defendant Bertleson and the City and County of San Francisco, for personal injuries sustained on May 28, 1955, in a collision at the intersection of 7th and Folsom Streets in the city of San Francisco. Plaintiff was a passenger in an automobile operated by her son-in-law, Alexander Gallegos. It was a clear day, traffic was not heavy. Mr. Gallegos was driving west in the right lane of Folsom Street, a two-way street. The defendant Bertleson was driving a Greyhound bus north on 7th Street, a one-way street with four lanes of traffic. The traffic signals at the northeast and southwest corners controlled traffic on Folsom Street; the signals at the northwest and southeast corners controlled traffic on 7th Street. The Gallegos' vehicle and the bus collided in the northwest portion of the intersection.

The complaint alleged that the accident was proximately caused by the negligent operation and maintenance of the Greyhound bus, and the failure of the city of San Francisco to maintain, inspect and control the electrical traffic signals at the intersection of Folsom and 7th Streets. A jury trial resulted in a verdict in favor of all defendants. Judgment on the verdict was entered on August 12, 1957. On August 20, 1957, the plaintiff moved for a new trial against all defendants. On August 30, 1957, the court granted plaintiff's motion for a new trial against the defendants Pacific Greyhound Lines and its employee, defendant Lester R. Bertleson on the ground of insufficiency of the evidence. The sole issue

on appeal is the propriety of the order granting a new trial against these defendants. Defendants contend that the trial court abused its discretion in granting a new trial, as the accident was solely and proximately caused by the negligence of the driver of the vehicle in which the plaintiff was riding.

On an appeal from an order granting a new trial, all presumptions are in favor of the order, and it will be affirmed if it is sustainable on any ground. The granting of a motion for a new trial rests within the discretion of the trial judge to such an extent that an appellate court will not interfere unless an abuse of discretion clearly appears. (*Britton v. Gunderson,* 160 Cal.App.2d 66 [324 P.2d 938].) A trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party. Where conflicting inferences are deducible from uncontradicted probative facts, the trial court may draw inferences opposed to those accepted by the jury. (*Ballard v. Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [170 P.2d 465].) "It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court." (*Butler v. Hopewell,* 163 Cal.App.2d 106, 108 [328 P.2d 862]; *Brooks v. Metropolitan Life Ins. Co.,* 27 Cal.2d 305 [163 P.2d 689].)

The record reveals conflicting evidence on the following matters: whether the traffic signal was on "go" for the Gallegos' vehicle or for the Greyhound bus; the speed of the two vehicles; and whether the car or the bus entered the intersection first. The defendant Bertleson testified that he did not see the car at all before the impact. We conclude that no abuse of discretion appears in the instant case as there is substantial evidence to support a judgment for the plaintiff.

In view of the foregoing, the order for a new trial must be affirmed.

Order affirmed.

Draper, J., and Dooling, J., concurred.