[Civ. No. 18039.   First Dist., Div. Two.   Nov. 9, 1959.]

JACK MAYNARD, Appellant, v. ROBERT WALKER, Respondent.

146

Boccardo, Blum, Lull, Niland & Teerlink, Edward J. Niland and Eugene L. Hudson for Appellant.

Daniel C. Miller for Respondent.

DRAPER, J.—Plaintiff appeals from a judgment upon jury verdict for defendant in this personal injury action.

At the time of the accident, plaintiff was a truck driver employed by a cement company. Defendant operates a ready-mix concrete business, mixing and delivering concrete in transit mixer trucks. To facilitate placing the ingredients of concrete in such trucks, defendant stored supplies of sand, gravel and cement in receptacles at an elevation higher than that at which the transit mixers were loaded. These receptacles, in turn, were supplied by trucks which ascended a mound to discharge their cargoes at a point some 20 feet above the level at which the transit mixers were filled. Defendant maintained a private roadway over the top of this mound. The procedure established by defendant required supply trucks to enter this roadway from the public street at its north end, ascend the mound by a gradual slope, discharge their cargo and descend by a steeper decline at the south. Exit to a public street was provided at the southerly end of the road. Additionally, the private roadway extended in a curve around the easterly side of the mound and back to

the north entrance, to enable trucks which had not fully discharged on the first stop to ascend the mound again.

Shortly before the accident, plaintiff drove a load of bulk cement to defendant's plant. Plaintiff was driving what is referred to as ''a set of doubles,'' i.e., a tractor, a semitrailer and a pull or full trailer. He entered the private roadway from the north. An employee of defendant met plaintiff near this entrance and directed him to discharge his rear, or full, trailer load first. While testimony of this employee is not completely clear and precise, it is subject to the construction that, by a combination of words and gestures, he directed plaintiff to continue up the roadway from north to south, discharge the contents of his rear trailer, descend to the south, turn left, follow the curve and again climb the north side of the mound to discharge the lead semitrailer. Plaintiff followed this course in part. But after discharging the cargo of the rear trailer and descending the southern slope of the mound, he drove into the public street and made a U-turn. He then ascended the mound from south to north. His equipment stalled on the hill. Defendant's employees (who testified that it was not possible to back the combination driven by plaintiff) pulled the rig to the discharge point by a winch and placed it at a point they deemed satisfactory for discharge of the cement carried in the semitrailer. Plaintiff was not satisfied with this location, and attempted to back his truck so as to reach a better location for discharge. The rear trailer slipped over the side of the roadway and fell, dragging the other units with it and causing plaintiff's injuries.

The court instructed the jury that plaintiff was an invitee as a matter of law, and instructed fully upon the rights and duties of invitor and invitee. It then instructed that ''an invitee may be an invitee for limited purposes only, and his invitation may have a restricted scope; and if the invitee enters any part of the premises or makes any use of them beyond the scope of his invitation, insofar as he oversteps the bounds of his invitation, and while he does so, he is not an invitee.''

Plaintiff contends that this instruction constitutes error. He does not attack the accuracy of the instruction, since the rule is clear that one who exceeds the scope of his invitation ceases to enjoy the status of an invitee. (*Billeter* v. *Rhodes & Jamieson, Ltd.,* 104 Cal.App.2d 137, 144-145 [231 P.2d 93]; *Davis* v. *Silverwood,* 116 Cal.App.2d 39 [253 P.2d 83]; *Tharp*

v. *San Joaquin Cotton Oil Co.*, 27 Cal.App.2d 554 [81 P.2d 443, 82 P.2d 21].)

Of course, if there was no evidence to warrant the instruction, as plaintiff contends, the giving of the instruction was error. (*Davenport* v. *Stratton*, 24 Cal.2d 232, 254 [149 P.2d 4]; *Sheppard* v. *City of Los Angeles*, 172 Cal.App. 2d 338, 341-342 [342 P.2d 282].) However, plaintiff assumes a heavy burden in asserting such error. The testimony must be considered in a light most favorable to respondent. If, on such consideration, the record reveals "slight or, at least, some evidence upon the issue" the giving of the instruction is not erroneous. (*Washington* v. *City & County of San Francisco* 123 Cal.App.2d 235, 238 [266 P.2d 828]; *MacLean* v. *City & County of San Francisco*, 151 Cal.App.2d 133 [311 P.2d 158].)

Plaintiff first contends that the evidence does not show that defendant's employees instructed plaintiff as to the proper direction to travel on the private roadway. Plaintiff concededly did not know of the custom before his arrival at respondent's property. But, as we have already pointed out, there is testimony which, under the rules just stated, would warrant a finding that plaintiff was properly instructed.

Thus plaintiff cannot rely upon the rule that an invitee does not lose his status by employing a means of ingress or egress which, by allurement or inducement, he has been led to employ. (*Johnston* v. *De La Guerra Properties, Inc.*, 28 Cal. 2d 394, 399 [170 P.2d 5].) In view of the express warning, plaintiff also is unable to rely upon the lack of warning signs.

Plaintiff argues that there is no evidence that he diverged from his purpose of delivering cement nor that he utilized the premises for a purpose for which they were not intended. But this is beside the point. The means of access to the premises chosen by him was not that for which they were designed (see *Billeter* v. *Rhodes & Jamieson, Ltd.*, *supra*, 104 Cal.App. 2d 137, 144) and was contrary to the instructions which limited his invitation. The more gradual slope from the north entrance, which he was told to use, gave him no difficulty on his first ascent of the mound. The steeper approach from the south, which he used on his second ascent despite his instructions, made it impossible for him to complete the climb under the power of his own equipment. The fact that defendant's employees pulled the equipment to the discharge point with a winch does not broaden the invitation. There is evidence that it was impossible to back plaintiff's equipment down the

hill. Thus his entrance upon the wrong route left the employees no choice. Also, when they had placed his equipment at a point acceptable to them for the discharge of the cargo he was delivering to defendant, he nonetheless sought to move the equipment by backing it. It is clear that the evidence supports the view that in both these respects he exceeded the scope of his invitation. Thus the instruction given was proper.

Judgment affirmed.

Dooling, Acting P. J., and Stone, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 30, 1959. Peters, J., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.