[Civ. No. 20782.   First Dist., Div. Two.   Nov. 19, 1963.]

LINA SALVETTI et al., Plaintiffs and Respondents, v. EMERSON E. BYRD, Defendant and Appellant.

Barfield, Barfield & Dryden, Charles V. Barfield, Jr., and Herbert Chamberlin for Defendant and Appellant.

Paul Friedman and Neil D. Reid for Plaintiffs and Respondents.

SHOEMAKER, P. J.—This is an appeal by defendant Emerson Byrd from an order granting plaintiffs Salvetti a new trial.

Plaintiffs brought this action to recover damages for personal injuries and property damage incurred in an automobile collision allegedly caused by the negligence of defendant. The defendant answered, denying the material allegations of the complaint and raising the affirmative defense of contributory negligence, which defense was subsequently abandoned during the course of the trial.

The evidence is substantially without conflict. The accident occurred Ocotber 8, 1960, at 4 p.m., on U. S. Highway 101 in San Rafael. This portion of Highway 101 consists of four lanes, with a divider strip separating the two southbound lanes from the two northbound lanes. Immediately prior to the accident, the defendant Emerson Byrd was driving a newly acquired Volkswagen in a southerly direction in the right-hand lane of Highway 101. While proceeding at a speed of approximately 55 or 60 miles per hour, the defendant gradually overtook two vehicles which were ahead of him in the same lane. The defendant described the rear vehicle as a Buick. He testified that a panel truck was approximately 50 to 75 feet ahead of it. When the defendant drew up within 75 yards of the Buick, he moved over into the inside lane in order to pass. He then proceeded on at the same rate of speed until the front wheels of his car were alongside the front door of the Buick. At this point, the Buick swerved over into the inside lane. The defendant immediately sounded his horn, applied the brakes, and veered to the left in order to avoid a collision. As the front wheels of his car went onto the divider strip, the defendant continued to apply the brakes and attempted to swerve back into the inside southbound lane. His car then went into a broad slide. As his front wheels returned to the southbound lane, his car was struck in the left rear side by the plaintiffs' car, which was proceeding north in the inside northbound lane of the highway.

Highway Patrol Officer Walkup interviewed the drivers of both cars, and examined the skid marks and the damage to both vehicles. On the basis of this information, he formed the opinion that the point of impact was in the center of the inside northbound lane, and that the accident was caused by an unknown vehicle which had changed lanes without due caution and had thereby caused the defendant to swerve

in an attempt to avoid contact. He further stated it to be his opinion that the defendant's car had gone into a broad slide because the defendant had "over-controlled," or turned the steering wheel farther than necessary, in order to avoid a collision.

Upon this evidence a judgment was rendered for the defendant and against both plaintiffs. Plaintiffs thereafter moved for a new trial on the grounds of insufficiency of the evidence, decision against law, and error in law occurring at the trial and excepted to by plaintiffs. The trial court granted the motion for new trial, stating in its minute order that it had "inadvertently overlooked the giving of B.A.J.I. instruction 104 A, and that a different verdict would have been probable had this instruction been given."

It is a well-settled rule that all presumptions favor an order granting a new trial (*McFarland* v. *Voorheis-Trindle Co.* (1959) 52 Cal.2d 698, 707 [343 P.2d 923] ; *Gonzales* v. *Pacific Greyhound Lines* (1958) 166 Cal.App. 2d 121, 123 [333 P.2d 393]), and that such an order will be affirmed if it may be sustained on any ground, though the reviewing court might have ruled differently in the first instance. (*Yarrow* v. *State of California* (1960) 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687] ; *Johns* v. *Ward* (1961) 191 Cal.App.2d 603, 608 [12 Cal.Rptr. 839].) The trial court's action in granting or denying a new trial is conclusive and will be disturbed on appeal only where there is a clear and affirmative showing of gross, manifest or unmistakable abuse of discretion. (*Flores* v. *McCoy* (1960) 186 Cal.App.2d 502, 506 [9 Cal.Rptr. 349].) However, where there is no evidence that would support a judgment in favor of the moving party (*Brown* v. *Reliable Iron Foundry, Inc.* (1959) 174 Cal.App.2d 294, 298 [344 P.2d 633]), or where a new trial was granted on the ground of error and there was no error (*Mattina* v. *Conant* (1960) 177 Cal.App. 2d 23, 27 [1 Cal.Rptr. 820]), the order must be reversed.

Although it is doubtless true that the negligent conduct of the driver of the unidentified Buick constituted the original proximate cause of the accident, it is settled that there may be two proximate causes of an accident. (*Hartford* v. *Pacific Motor Trucking Co.* (1936) 16 Cal.App.2d 378, 380 [60 P.2d 476].) Since the point of impact occurred in the center of the inside northbound lane of the highway, appellant was guilty of driving his vehicle on the wrong side of the highway. Such prima facie evidence of negligence

called for an explanation on appellant's part (*Engelman* v. *Consolidated House Movers, Inc.* (1955) 135 Cal.App.2d 237, 242 [286 P.2d 988]; Veh. Code, § 21651) and it was a question of fact whether appellant's conduct was at all times that of a reasonable man under the same circumstances. ▮ Officer Walkup stated it to be his expert opinion that appellant had "over-controlled" or turned his steering wheel farther than necessary and had thereby caused his vehicle to go into a broad slide. Appellant himself testified that his car was "brand-new" and that it had been driven only 17 miles prior to the accident, from which it might be inferred that defendant was not fully conversant with the operation of this particular automobile. This evidence was clearly sufficient to support a finding that appellant was guilty of negligence which was a proximate cause of the accident.

▮ Even though there was sufficient evidence to support a judgment against defendant, the order granting the motion made no mention of insufficiency of the evidence, hence it must be conclusively presumed that the order was not based upon this ground. (Code Civ. Proc., § 657; *Yarrow* v. *State of California, supra,* at p. 434.) ▮ Respondents make no claim that the decision is against law. Under such circumstances, the scope of review is reduced to the alleged errors in law. (*Rosenberg* v. *Wittenborn* (1960) 178 Cal.App. 2d 846, at p. 848 [3 Cal.Rptr. 459].)

▮ In order to uphold the granting of a new trial upon this ground, we need look no further than the ground specified by the trial court in its minute order. BAJI No. 104-A provides, in effect, that the law does not recognize only one proximate cause of an injury, but, to the contrary, recognizes that the acts and omissions of two or more persons may work concurrently as the efficient cause of an injury, and in such a case, each of the participating acts or omissions is regarded in law as a proximate cause. In the instant case, this instruction was requested by respondents but was refused by the trial court for the stated reason that appellant had agreed that there was no contributory negligence in the case. In granting respondents a new trial, the court stated that it had refused this instruction through inadvertence and that a different verdict would have been probable had it been given. It clearly cannot be said that the trial court abused its discretion in so ruling.

In the present case, the undisputed evidence indicated that the driver of the unknown Buick was negligent in changing lanes without prior warning and that this negligence con-

tributed proximately to the happening of the accident. Under such circumstances, it was essential for the jury to be instructed that there might be more than one proximate cause of an accident. The trial court not only failed to give such an instruction, but, to the contrary, instructed the jury that "*The* proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. It is *the* efficient cause—*the one* that necessarily sets in operation the factors that accomplish the injury." (Italics supplied.) That this instruction, standing alone, may well have misled the jurors into believing that there could be but one proximate cause of the accident cannot be doubted. The trial court was correct in concluding that the situation would have been clarified by the giving of BAJI 104-A. (*Dieterle* v. *Yellow Cab Co.* (1942) 53 Cal.App.2d 691, 694-696 [128 P.2d 132].)

The order granting respondents a new trial is affirmed.

Agee, J., and Taylor, J., concurred.