[Civ. No. 27697.   Second Dist., Div. Four.   Feb. 27, 1964.]

VIRGIL LANE, Plaintiff and Appellant, v. SAM JAFFE, Defendant and Respondent.

L. I. Williams for Plaintiff and Appellant.

Spray, Gould & Bowers and Bernard A. Newell, Jr., for Defendant and Respondent.

JEFFERSON, J.—Plaintiff appeals from a judgment in favor of defendant Sam Jaffe in an action for damages for personal injuries.

Plaintiff was injured when an automobile, driven by Charles Long, rear-ended Jaffe's parked automobile, causing it to strike plaintiff. Plaintiff instituted this action against both Long and Jaffe, contending that the negligence of each proximately caused his injuries. The jury returned a verdict against Long but exonerated defendant Jaffe. A motion for new trial by plaintiff was denied. He appeals from the judgment and from the order denying the motion. No appeal lies from the order.

Evidence was presented that, on January 29, 1961, at about 8:30 p.m., defendant Jaffe was driving his automobile west on the outbound Ventura freeway in heavy traffic. In addition to Jaffe, the car was occupied by Mrs. Jaffe, their daughter Janice, and Mr. and Mrs. Wolf. Jaffe was traveling at approximately 60 m.p.h. in the "speed lane," the extreme left lane of the freeway, when he felt a sinking, thumping condition in the rear of the car. Thinking one of his tires was going flat, he drove into a strip of macadam or asphalt bordering the divider separating eastbound and westbound traffic. This strip was approximately eight feet wide and was

bordered on the left by a curbing. There was testimony that Jaffe stopped with his wheels flush against this curbing and that his car was entirely on the black asphalt area. The next freeway turnoff was approximately three-fourths of a mile away.

Jaffe and his guests got out of the car. The lights of the vehicle were left on and the right turn indicator was blinking. There was testimony that a rear tire on the automobile was flat. A white handkerchief was attached to the antenna on the right side of the car. Defendant Jaffe also took a battery box flashlight and placed it in the middle of the asphalt area, approximately 100 to 150 feet behind the automobile, with a blinking red light facing oncoming traffic. After waiting approximately 45 minutes, a motorist stopped, picked up Jaffe, and took him to a nearby service station for help. Archers Garage was subsequently contacted, and the plaintiff, an employee of the garage, drove Jaffe in a tow truck back to his car. Entering the westbound portion of the freeway, they approached the car from the rear. Jaffe could observe his blinking flashlight and blinking taillight when he was approximately 200 feet behind the car. Plaintiff also noticed these lights as they approached the Jaffe automobile. Plaintiff drove onto the asphalt area and parked in front of Jaffe's vehicle. The blinking yellow lights of the tow truck were left operating on top of the cab. Plaintiff got out of the truck and walked between the truck and Jaffe's car.

While plaintiff was standing in front of Jaffe's car an automobile driven by defendant Long struck the rear of Jaffe's car, pushing it into plaintiff and into the rear of the tow truck, causing plaintiff to suffer injuries for which this action was brought.

Two police officers who participated in the investigation of the accident testified that skid marks made by the car driven by Long indicated that its left wheels were on the asphalt area and the right wheels were on the concrete portion of the freeway at the point of impact with the Jaffe automobile. One of the officers stated that the area where defendant Jaffe was parked is used by the police department and by freeway crews for emergency parking.

■■■ In asserting that the verdict and judgment should have been against both defendants Jaffe and Long, rather than against Long only, plaintiff questions the sufficiency of the evidence to support a judgment in favor of Jaffe. Plaintiff maintains that the evidence shows that, in addition to being negligent under general negligence principles, defend-

ant Jaffe "was negligent as a matter of law in stopping his car on the freeway in violation of section 22520 of the California Vehicle Code." It is argued that Jaffe's car was not "disabled" within the meaning of section 22520 and that "other courses of action could have been taken" by him to remove his car from the freeway when he first noticed he was having tire trouble. We find these contentions lacking in merit.

Plaintiff's contentions present questions of fact on which conflicting evidence was introduced—evidence from which conflicting reasonable inferences could most certainly be drawn. ▮ As stated in *Wilson* v. *Foley*, 149 Cal. App.2d 726, 732 [309 P.2d 97]: "It is a vain pursuit to attempt to upset a judgment on the ground of insufficiency of the evidence where there is a substantial conflict. [Citations.]. ... Also, the same rule applies to conflicting reasonable inferences. ▮ If the inferences drawn from the proof are reasonable, the reviewing court has no power to substitute its deductions for those of the jury. [Citations.]"

Section 22520 provides in part: "No person shall stop, park, or leave standing any vehicle upon a freeway ... except: (a) When necessary to avoid injury or damage to persons or property.

(d) Any vehicle which is so disabled that it is impossible to avoid temporarily stopping and any vehicle which has been summoned to render assistance to a vehicle or person.

(e) In locations where stopping, standing or parking is specifically permitted."

▮▮ Whether, within the meaning of section 22520, Jaffe's vehicle was so "disabled" that it was "impossible to avoid temporarily stopping," was a question of fact. Plaintiff advances the untenable theory that the strict literal meaning should be given to the word "impossible"—that as long as a vehicle will roll in any fashion it is not "impossible" to avoid stopping. While apparently no California case has interpreted section 22520, other states have construed the word "impossible" in the connection with statutes similar to ours.

In *Silvia* v. *Pennock* (1962) 253 Iowa 779 [113 N.W.2d 749, 752-753], the court, in construing a statute forbidding the stopping or parking of vehicles on a highway, but exempting vehicles so disabled that it was impossible to avoid stopping or temporarily leaving them in such position, stated that the word "impossible" should not be given a narrow,

literal construction, but should be interpreted to mean "not reasonably practical." In interpreting a similar statute, the court in *Peterson* v. *Skiles* (1962) 173 Neb. 470 [113 N.W. 2d 628], stated (p. 634 [113 N.W.2d]): "We think an automobile with a flat tire is a disabled automobile within the meaning of this statute." And, in an annotation in 15 A.L.R.2d 909, compiling cases passing on this question, it is stated that courts, in construing such statutes, have held that "the word 'impossible' should not be given a literal construction, but should be interpreted to mean 'not reasonably practical.' " (15 A.L.R.2d 909, 911.)

Further, the jury in the instant case did not even have to reach the question of whether defendant's vehicle was "disabled." The jury could have found that this was a situation where, under section 22520, subdivision (a), stopping was ". . . necessary to avoid injury or damage to persons or property." Substantial evidence was presented to support such a finding. For defendant to have continued to drive on a freeway where traffic was characterized as heavy, under the circumstances, obviously would have been dangerous. There would be not only the hazard of a slow moving vehicle in a fast traffic lane, but also the hazard of maneuvering from the extreme left lane where defendant was driving into the outside slow lane, to reach the exit ramp some three-fourths to one mile distant. ■ Motorists whose cars become disabled on crowded freeways have the unenviable responsibility of choosing a course of action which will create the minimum hazard to others lawfully using the freeway. The infrequency of marked emergency parking places or off-ramps, the maneuverability of the car under existing conditions, the presence of curves, bridges, viaducts, wet or dry surfaces are all factors, to mention but a few, which may have an important bearing in determining whether a driver of a disabled car has taken reasonable precautions to avoid injury to others. No hard and fast rules can be established. The test is—did the driver exercise due care and caution under the circumstances then present to avoid injury to others lawfully using the freeway?

■ Finally, even if the jury had concluded that there was a violation of section 22520 or that defendant was otherwise negligent, it clearly would still have been entitled to find that defendant's negligence was not a proximate cause of the accident. Evidence was introduced tending to show that codefendant Long was driving partly outside of the left lane on the asphalt when the collision with defendant Jaffe's

vehicle occurred. The evidence was abundant that the Jaffe vehicle was completely off the traveled portion of the freeway in an area used by the police department and by freeway maintenance crews for emergency parking (but not one where as provided by section 22520, subdivision (e) ". . . stopping, standing or parking is specifically permitted."); the lights of his car were on; the directional light was blinking; a white handkerchief had been tied around the radio antenna; the yellow blinking caution lights on the tow truck plaintiff was driving could be seen over the roof of defendant's vehicle; and, heavy traffic had proceeded past, using the left lane, for more than one hour without a mishap.

The record amply supports the jury's verdict.

The judgment is affirmed and the appeal from the order denying motion for new trial is dismissed.

Burke, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1964.