[Civ. No. 21953. First Dist., Div. Two. Feb. 17, 1965.]

ELEANOR WICKESSER, Plaintiff and Appellant, v. CARL VERNON BURNS et al., Defendants and Respondents.

Kane, Canelo & Mash and Thomas J. Kane, Jr., for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appel and Lewis L. Fenton for Defendants and Respondents.

SHOEMAKER, J.—This is an appeal by the plaintiff Eleanor Wickesser from a judgment rendered in her action for personal injuries in favor of the defendants Carl Burns and Freedom Union School District.

The facts are substantially without conflict. Defendant Burns was operating a pickup truck of his employer, the defendant school district, and was making a left-hand turn into Roache Road from Highway 1 in Watsonville, California, when a collision took place with a car driven by plaintiff, approaching the intersection on Highway 1 from the opposite direction. Burns did not see plaintiff's car until it collided with his pickup truck. The speed limit on Highway 1 is 65 miles per hour, and the topography in the area is such that a person seated in a car at the intersection involved could see a vehicle coming from the direction of plaintiff's car approximately 450 feet away, which distance would permit a driver to safely make a left-hand turn even though the approaching vehicle was going 65 miles per hour. The highway in the direction plaintiff was proceeding sloped toward the intersection, a condition of which plaintiff was unaware. Plaintiff's view was unobstructed as she approached the intersection. She saw the pickup and realized that the driver was intending to make a left-hand turn, although she observed no signal. She further realized that the pickup was waiting for a red car that had just passed her to proceed through the intersection. When plaintiff was three or four lengths from the intersection, Burns commenced his turn. Plaintiff immediately slammed on her brakes and intentionally turned right, hoping to avoid a collision, but instead struck the pickup on

the right side with the front of her car. She left skid marks of 28 feet. The cars came to rest in contact on the north shoulder of the highway. Immediately prior to the accident, plaintiff observed that there were no cars other than hers approaching the intersection from either direction.

Plaintiff-appellant first contends that the judgment must be reversed because the evidence established as a matter of law that respondent Burns was negligent and that appellant was guilty of no contributory negligence. We do not agree. From the verdict of the jury and the evidence we have recounted, we assume that respondent Burns was found to be negligent. However, we cannot say that there was no evidence in support of a finding that appellant was also negligent.

In the instant case, the evidence supports the inference that appellant could have avoided a collision with the pickup truck driven by respondent Burns had she turned to the left, upon seeing that said vehicle had commenced its turn, rather than swerved to the right and onto the north shoulder of the highway, thereby putting the two vehicles in a like course. Since there was no evidence that any other vehicle was traveling in the inside westbound lane, the jury may well have found that a reasonable driver confronted with the same circumstances would have turned into that lane and that appellant's failure to do so constituted negligence which was a proximate cause of the accident.

In *Salvetti* v. *Byrd* (1963) 222 Cal.App.2d 418 [35 Cal. Rptr. 185], we had before us a defendant who was driving in the outside southbound lane of Highway 101 at a speed of approximately 55 to 60 miles per hour, when he gradually overtook a Buick ahead of him and moved into the inside lane in order to pass. The front wheels of his car had just drawn even with the front door of the Buick when that car swerved over into the inside lane. Although defendant immediately sounded his horn, applied his brakes and veered to the left, his car went into a broad slide, and the rear portion thereof swung over into the inside northbound lane and collided with plaintiffs' oncoming vehicle. On this state of facts we held that although the negligence of the driver of the Buick was unquestionably the original proximate cause of the accident, there was also sufficient evidence of negligence on defendant's part, since the trier of fact could find that defendant "overcontrolled" or turned his steering wheel farther than necessary in order to avoid being struck by the Buick (pp. 421-422).

In our opinion, appellant has failed to show that contribu-

tory negligence was absent as a matter of law. It follows that the judgment cannot be reversed for insufficiency of the evidence.

Appellant's second contention is that the court erred in submitting the issue of contributory negligence to the jury and failing to instruct that contributory negligence was absent as a matter of law. Appellant relies upon *Miller* v. *Western Pac. R. R. Co.* (1962) 207 Cal.App.2d 581 [24 Cal. Rptr. 785]; *Maynard* v. *Walker* (1959) 175 Cal.App.2d 145 [345 P.2d 478]; and *Sheppard* v. *City of Los Angeles* (1959) 172 Cal.App.2d 338 [342 P.2d 282], as authority for the rule that it is error to instruct on a theory which is wholly without support in the evidence. This argument is devoid of merit since, as above noted, the record did contain evidence in support of a finding that appellant was contributorily negligent.

Appellant's final contention is that the court erred in the giving of two instructions requested by respondents and in failing to give two instructions requested by appellant.

The first instruction complained of is BAJI 151. This instruction states the duty of the driver of any vehicle using a public street or highway. Appellant asserts that this instruction is confusing and misleading and places an absolute duty upon the driver of a vehicle to be able to stop and avoid an accident. The contention is frivolous. The instruction was approved and a similar objection overruled in *Scott* v. *Mackey* (1958) 159 Cal.App.2d 690, 696 [324 P.2d 703].

Appellant asserts that in the present case, the jury was called upon to determine whether respondent Burns violated Vehicle Code, section 21801, which requires a driver intending to turn left at an intersection to yield the right-of-way to a vehicle approaching from the opposite direction, and which is so close as to constitute a hazard during the turning movement. Appellant accordingly asserts that BAJI 131 ought not to have been given. This instruction states, "The mere fact that an accident happened, considered alone, does not support an inference that some party, or any party, to this action was negligent."

In support of this contention, appellant relies on *Alarid* v. *Vanier* (1958) 50 Cal.2d 617, 625 [327 P.2d 897], and *Smith* v. *Sugich Co.* (1960) 179 Cal.App.2d 299, 309-310 [3 Cal. Rptr. 718].

We agree that the giving of the instruction was erroneous. However, we do not agree that such action compels a reversal of the judgment. Our examination of the entire record dis-

closes that the evidence as to the negligence of the respondent Burns is so overwhelming that no finding to the contrary is possible. Hence, the only basis for the judgment against plaintiff is that of her contributory negligence, which, as we have indicated, can properly be inferred from the evidence. Under these circumstances, we are satisfied that the same result would have been reached even if the error had not been committed and that there has been no miscarriage of justice. This being so, section 4½ of article VI of the California Constitution applies and the judgment must be upheld.

Appellant finally asserts that the court erred in failing to give two of her requested instructions to the effect that any person who drives a vehicle upon Highway 1 at a speed in excess of 65 miles per hour is guilty of violating Vehicle Code, section 22349. The only probable effect of the giving of these instructions would have been to emphasize in the minds of the jurors the evidence tending to indicate that appellant was traveling at a speed in excess of 65 miles per hour. It is settled that a party may not complain of error favorable to him. (*Johnson* v. *A. Schilling & Co.* (1961) 194 Cal.App.2d 123, 133-134 [14 Cal.Rptr. 684].)

Judgment affirmed.

Agee, J., and Taylor, J., concurred.