[Civ. No. 37595. Second Dist., Div. Two. Aug. 16, 1971.]

JAMES AGUIRRE, Plaintiff and Appellant, v.
WILLIAM EZEKIAL RENO, Defendant and Respondent.

## COUNSEL

Davis, Voorhies & Thompson and Gerold von Pahlen-Federoff for Plaintiff and Appellant.

Gilbert, Thompson, Kelly, Crowley & Jennett, Roger E. Kelly and Jean Wunderlich for Defendant and Respondent.

## OPINION

**ROTH, P. J.**—In a jury trial, plaintiff James Aguirre obtained a verdict against defendant William E. Reno for personal injuries sustained when defendant's 1965 Dodge struck plaintiff's 1955 black Chevrolet on the Antelope Valley Freeway between 9:30 and 10 p.m. the evening of February 9, 1966.

After both sides had rested, but before the case went to the jury, the defendant (respondent herein) moved for a directed verdict. That motion was denied. Following a verdict for plaintiff (appellant herein) respondent moved for judgment notwithstanding the verdict and for a new trial. Both motions were granted and judgment in favor of the respondent was entered. The motion for a new trial was granted only "In the event . . . [the order granting judgment notwithstanding the verdict] is hereafter reversed on appeal."

Appellant argues that since a motion for a directed verdict had been properly denied by the trial court, it had no statutory authority to grant the motion for a judgment notwithstanding the verdict. Appellant's appeal is confined to the motion N.O.V. There is no appeal from the motion granting a new trial. The latter order is, of course, appealable. (Code Civ. Proc., § 904.1, subd. (d).) An order from which no appeal is taken will not be reversed. (Code Civ. Proc., § 906.)

It is undisputed that sometime between 9:30 and 10 in the evening of February 3, 1966, the right front portion of respondent's Dodge struck the left rear portion of appellant's Chevrolet in the right-hand lane of the Antelope Valley Freeway. Appellant had no recollection of the accident; the last thing he remembered was driving down the freeway at 73 miles an hour and then slowing down because it seemed that one of his mufflers was coming loose.

Respondent testified that the headlights of his Dodge picked up a car that appeared to be abandoned at a distance in excess of 30 feet, and that he attempted to swerve to the left in the next 5 to 10 seconds before the impact.

The two theories upon which appellant predicated his action were that his vehicle was *standing* momentarily disabled on the freeway and that respondent had the last clear chance to avoid the accident, or in the alternative, that his vehicle was traveling at a slower speed than respondent's and was negligently rear-ended. Appellant's argument on appeal is confined to the latter theory.

During the argument on the motion for a directed verdict the trial judge

indicated that an instruction on the doctrine of last clear chance would not be given since no evidence had been offered by appellant and there was none to show that appellant's Chevrolet was in fact disabled and that there was no evidence to show from what distance respondent could have first spotted appellant's alleged standing vehicle on the freeway during the night hours.[1] These conclusions flowed from the trial court's stated view that respondent's vehicle had been traveling at a speed of 65 miles an hour, and that if appellant's vehicle was in fact stopped on the freeway [there was a broad macadam shoulder to the right of the lane in which appellant's vehicle was stopped], it was so stopped in violation of Vehicle Code section 22520.[2]

After the trial judge held that the last clear chance doctrine was not available to appellant to escape the legal consequence of his contributory negligence in stopping on the right-hand lane of the freeway, he engaged in an extensive colloquy with counsel during the argument on the motion for a directed verdict in order to determine whether there was any evidence from which the jury could conclude that appellant's vehicle had been moving at the moment of impact.

The argument on the motion was complicated by the fact that it was *respondent* who, as appellant's witness under section 776 of the Evidence Code, furnished the only direct evidence concerning the collision.[3]

█ "A motion for a judgment notwithstanding the verdict may properly be granted by the trial court only when, disregarding conflicting evidence and indulging every legitimate inference from plaintiff's evidence, the court determines that there is no evidence of sufficient substantiality to support the verdict in favor of the plaintiff. [Citations.]" (*Drummond* v. *City of Redondo Beach*, 255 Cal.App.2d 715, 718-719 [63 Cal.Rptr. 497].)

---

[1] These factual findings were related to those elements of the doctrine of last clear chance which require that the appellant in this case be in a position of danger from which he cannot extricate himself (either because of physical impossibility or failure to realize the existence of danger) and that the respondent had the "last clear chance" to avoid the accident, but failed to do so.

[2] This section prohibits stops on the freeway except under narrowly circumscribed conditions.

[3] We have noted above that appellant suffered a loss of memory which was limited to the time immediately preceding, and the time of the accident.

A matter not raised in the briefs is that, respondent having been called as an adverse witness by appellant, testimony given by him could be relied upon by appellant to the extent that it was favorable to appellant's case, and disregarded in its unfavorable aspects, in terms of resisting respondent's motion for a directed verdict. (See *Gherna* v. *Ford Motor Co.,* 246 Cal.App.2d 639, 646-647 [55 Cal.Rptr. 94].) Although appellant does not cite this basic rule, he refers to certain testimony of respondent's which purportedly shows that "plaintiff's vehicle was in motion and negligently struck from behind by defendant."

■ Appellant has collected "30 items of evidence" which purportedly show that "plaintiff's vehicle was in motion and [was] negligently struck from behind by the defendant." In pertinent part respondent remembered that his windshield had been cleaned; that he recalled that his headlights were on; that he was thinking of having to fire an old employee; that he was listening to the radio; and there was evidence that respondent had had a "couple of drinks" before the accident.

These items, when taken together with inferences which may be drawn therefrom, are a sufficient background to permit the case to go to the jury to determine whether respondent was negligent. This is especially true since respondent as a witness is himself evidence and the jury could from what was testified to, and the impression made upon them, believe or disbelieve respondent's evidence, in whole or in part, or draw the conclusion that respondent may have withheld circumstances surrounding the accident.[4]

We conclude that the trial court properly denied the motion for a directed verdict. The order for a judgment notwithstanding the verdict therefore was error. (*Hendriksen* v. *Young Men's Christian Assn.*, 173 Cal.App. 2d 764, 776 [344 P.2d 77]; *O'Keefe* v. *South End Rowing Club*, 64 Cal.2d 729, 733 [51 Cal.Rptr. 534, 414 P.2d 830, 16 A.L.R.3d 1]; *Estate of Arnold*, 16 Cal.2d 573, 581 [107 P.2d 25].)

Although, as pointed out, appellant has not appealed from the order granting a new trial, we note: the order was validly made. The order read: "The Court determines that the plaintiff stopped an unlighted, operable automobile on the freeway at a point where there was ample visible room to pull over onto an adjacent 'shoulder' and that such condition continued until impact and was the proximate cause of the incident. That the condition of the moonlight at scene of accident did not create a degree of visibility whereby defendant had the last clear chance."

The specificities in the order comply with *Mercer* v. *Perez, supra,* 68 Cal.2d 104 and *Hutchison* v. *Elliott,* 183 Cal.App.2d 263 [7 Cal.Rptr. 77].

The judgment notwithstanding the verdict is reversed.

The order granting a new trial is affirmed.

Fleming, J., and Compton, J., concurred.

---

[4] " 'The mere fact that a driver of a vehicle does run down the vehicle ahead of him furnishes *some evidence* that he either was driving at too high a rate of speed, or that he was following too closely the vehicle ahead of him.' " (Italics added.) (*Mercer* v. *Perez,* 68 Cal.2d 104, 126 [65 Cal.Rptr. 315, 436 P.2d 315].)