[Civ. No. 47311. Second Dist., Div. Two. Sept. 23, 1976.]

DOROTHY WOODMANCY SHUFF, as Administratrix et al., etc., Plaintiffs and Respondents, v.
IRWINDALE TRUCKING COMPANY,
Defendant, Cross-complainant and Appellant;
KNUDSEN DAIRY PRODUCTS COMPANY,
Defendant, Cross-complainant and Respondent;
ILLINOIS CALIFORNIA EXPRESS, Cross-complainant and Respondent;
TRANSPORT INDEMNITY COMPANY, Intervener and Respondent.

WILLIAM HARDESTY, Plaintiff and Respondent, v.
IRWINDALE TRUCKING COMPANY, Defendant and Appellant.

**COUNSEL**

Patterson, Ritner & Lockwood and John A. Patterson for Defendant, Cross-complainant and Appellant and for Defendant and Appellant.

Brundage & Roseman and Anthony J. Bradisse for Plaintiffs and Respondents.

Robert T. Moulton for Plaintiff and Respondent.

Chase, Rotchford, Drukker & Bogust, Lawrence O. DeCoster and Garry W. Williams for Defendant, Cross-complainant and Respondent.

Harold Q. Longenecker for Cross-complainant and Respondent and for Intervener and Respondent.

## OPINION

**COMPTON, J.**—On October 29, 1969, at approximately 4 a.m., a tractor and trailer combination belonging to Irwindale Trucking Company (Irwindale) was stopped at the side of and partially in the No. 3 lane of the eastbound San Bernardino freeway in the City of Montclair. It was a foggy morning and no artificial lighting was present. There were no lights or flares on or around the Irwindale truck.

A truck owned by Knudsen Dairy Products Company (Knudsen) and proceeding east on the freeway, struck the Irwindale truck and turned over. A truck owned by Illinois California Express (ICX) driven by one Milton Womack with Donald Woodmancy riding as a codriver was also proceeding east along the freeway and collided with both the Knudsen truck and the Irwindale truck. Finally a truck owned by North American Van Lines and driven by a Bill Hardesty struck the ICX truck.

The driver of the Irwindale truck was killed, Woodmancy,[1] Womack and Hardesty were injured, the Knudsen trailer was damaged in the amount of $23,119.25, and the ICX truck was damaged in the amount of $13,369.50.

Woodmancy and Womack instituted actions against Irwindale, Knudsen, and North American. Hardesty filed a separate action against Irwindale and the causes were consolidated. Knudsen, ICX, North American and Irwindale each filed cross-complaints against each other. The various cross-complaints against North American were, however, ultimately dismissed as was Knudsen's cross-complaint against ICX.

A jury returned verdicts on the complaints against Irwindale in favor of Woodmancy, Hardesty and Womack in the amounts of $3,000, $25,000 and $130,000 respectively. The jury also returned verdicts in favor of Knudsen and against Woodmancy, Womack and Hardesty.

On Irwindale's cross-complaint the jury returned a verdict in favor of Knudsen and ICX. On ICX's cross-complaint against Knudsen the verdict was in favor of Knudsen but as against Irwindale, ICX was awarded $13,369.50. On Knudsen's cross-complaint against Irwindale the verdict was in favor of Knudsen in the amount of $1.00. The trial court

---

[1]Donald Woodmancy subsequently died of unrelated causes and his widow, Dorothy Woodmancy Shuff, is the administratrix of his estate.

granted a limited new trial to Knudsen on the issue of damages. Irwindale appeals from the judgments and from the limited order for a new trial.

Vehicle Code section 22520 provides in part:

"No person shall stop, park, or leave standing any vehicle upon a freeway . . . except: (a) When necessary to avoid injury or damage to persons or property. . . . (d) Any vehicle which is so disabled that it is impossible to avoid temporarily stopping . . . (e) [i]n locations where stopping, standing or parking is specifically permitted; . . ."

No satisfactory evidence was offered by either side to explain why the Irwindale truck was stopped where it was without lights nor to establish the length of time it had been there.

The Irwindale driver, as noted, was killed at the time the Knudsen truck struck the Irwindale truck. Just prior to the collision the Irwindale driver was standing behind his truck, waving his arms. There was evidence that the truck was equipped with flares but no explanation for the driver's failure to use them was offered.

■ Since its truck was parked in a position which was not otherwise permitted by law, i.e., blocking a portion of the freeway, Irwindale in order to negate a violation of Vehicle Code section 22520 had the burden of proving the existence of circumstances that would except it from the law. (See *Aguirre* v. *Reno,* 19 Cal.App.3d 284 [96 Cal.Rptr. 924]; *Lane* v. *Jaffe,* 225 Cal.App.2d 172 [37 Cal.Rptr. 171].) The failure to carry that burden resulted, by virtue of Evidence Code section 669,[2] in a

---

[2]Evidence Code section 669 provides in part:

"(a) The failure of a person to exercise due care is presumed if: (1) He violated a statute, ordinance, or regulation of a public entity; (2) The violation proximately caused death or injury to person or property; (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted. (b) This presumption may be rebutted by proof that: (1) The person violating the statute, ordinance, or regulation did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law; . . ."

presumption of lack of due care. The same could be said of the Irwindale driver's failure to post flares as required by Vehicle Code section 25300.[3]

The jury's finding of negligence on the part of Irwindale is supported by substantial evidence and we will not disturb such a finding. (*Nestle* v. *City of Santa Monica,* 6 Cal.3d 920 [101 Cal.Rptr. 568, 496 P.2d 480].) On the other hand, except as to Woodmancy the codriver for ICX, the issue of contributory negligence and hence Irwindale's ultimate liability was a close one. The testimony, though conflicting, concerning the speed of the Knudsen, ICX and American trucks in relation to the visibility, coupled with the objective circumstances of the accident, strongly suggests contributory negligence on the part of the drivers of these three trucks.

From the very fact that the series of collisions occurred, it is clear that Knudsen's driver in coming upon the Irwindale truck, the ICX driver in coming upon the Knudsen and Irwindale trucks, and the American driver in coming upon the ICX truck were each unable to stop their trucks in time to avoid a collision. If this inability on the part of any

---

[3]Vehicle Code section 25300 provides in part:

"(a) Every vehicle which, if operated during darkness, would be subject to the provisions of Sections 25100 or 25101, and every truck tractor, irrespective of width, shall at all times be equipped with at least three pot torches, or three red electric lanterns, or three red emergency reflectors. The devices need be carried by only one vehicle in a combination. All warning signals shall be maintained in good working condition. (b) When any such vehicle is disabled on the roadway during darkness, warning signals of the type specified in subdivision (a) shall be immediately placed as follows: . . . (5) If disablement of the vehicle occurs upon any roadway of a divided or one-way highway, the driver shall place one warning signal at a distance of approximately 200 feet and one such signal at a distance of approximately 100 feet to the rear of the vehicle in the center of the lane occupied by the stopped vehicle, and one such signal at the traffic side of the vehicle not more than 10 feet to the rear of the vehicle. (c) When any such vehicle is disabled or parked off the roadway but within 10 feet thereof during darkness, warning signals of the type specified in subdivision (a) shall be immediately placed by the driver as follows: one at a distance of approximately 200 feet and one at a distance of approximately 100 feet to the rear of the vehicle, and one at the traffic side of the vehicle not more than 10 feet to the rear of the vehicle. The signals shall, if possible, be placed between the edge of the roadway and the vehicle, but in no event less than two feet to the left of the widest portion of the vehicle or load thereon. (d) The requirements of this section may be complied with until the devices mentioned above can properly be placed by either placing lighted red fusees in the required locations or by use of turn signal lamps, provided front turn signal lamps at each side are being flashed simultaneously and rear turn signal lamps at each side are being flashed simultaneously. (e) The pot torches, lanterns, or reflectors shall be displayed continuously during darkness while the vehicle remains disabled upon the roadway or parked or disabled within 10 feet thereof. . . ."

driver resulted from either a failure to keep a lookout[4] or from traveling too fast for the existing conditions of visibility,[5] then that driver would be contributorily negligent. (*Wickesser* v. *Burns,* 232 Cal.App.2d 344 [42 Cal.Rptr. 856]; *Scott* v. *Mackey,* 159 Cal.App.2d 690 [324 P.2d 703].)

■ " 'The mere fact that a driver of a vehicle does run down the vehicle ahead of him furnishes some evidence that he either was driving at too high a rate of speed, or that he was following too closely the vehicle ahead of him.' " (*Mercer* v. *Perez,* 68 Cal.2d 104, at p. 126 [65 Cal.Rptr. 315, 436 P.2d 315].)

■ While we are not prepared, as Irwindale requests, to hold that there was contributory negligence as a matter of law, we do examine Irwindale's claims of error with an eye to determining whether, in such a closely balanced case, these errors resulted in a miscarriage of justice. (Cal. Const., art. I, § 13.)

The jury's verdict as between Knudsen and Irwindale suggests a compromise on the issue of liability. The uncontroverted evidence established that if Irwindale was liable to Knudsen the damages should have been in excess of $23,000. The disproportionate difference between that figure and the $1.00 which the jury awarded indicates that the verdict does not represent a determination that Irwindale was liable but instead points to a finding that Knudsen was contributorily negligent. As between Knudsen and Irwindale, the trial court should have granted a new trial as to liability on both the complaint and the cross-complaint and a failure to do so constituted an abuse of discretion. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, §§ 98, 99; *Hamasaki* v. *Flotho,* 39 Cal.2d 602 [248 P.2d 910].)

Even though the conduct of drivers Womack and Hardesty varied somewhat from that of the Knudsen driver, the same previously

---

[4]BAJI Instruction No. 5.00 reads as follows:
"DUTY OF THE DRIVER OF VEHICLE ON PUBLIC HIGHWAY. It is the duty of the driver of any vehicle using a public street or highway to exercise ordinary care at all times to avoid placing himself or others in danger; [and] to use like care to avoid an accident; [to keep a proper lookout for traffic and other conditions to be reasonably anticipated] [and] [to maintain a proper control of his vehicle]."

[5]The basic speed law in California as provided by Vehicle Code section 22350 is: "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

mentioned considerations apply. In order to find that those two drivers were free of contributory negligence the jury had to determine that they were operating at a reasonable speed under the circumstances, i.e., night, fog, stopping distance, etc., keeping an alert lookout, and that the accident happened nevertheless.

Against this background it was error for the trial court to instruct the jury in the language of BAJI No. 3.40 which provides:

"When a person's lawful employment requires that he work in a dangerous location or a place that involves unusual possibilities of injury, or requires that in the line of his duty he take risks which ordinarily a reasonably prudent person would avoid, the necessities of such a situation, insofar as they limit the caution that he can take for his own safety, lessen the amount of caution required of him by law in the exercise of ordinary care."

The error was compounded by the fact that immediately preceding the giving of BAJI No. 3.40 the court read to the jury BAJI No. 3.16 which directed the jury to consider any custom that has grown up in a particular business in determining the reasonableness of a party's conduct.

The drivers had each testified to his opinion that his operation of his large trailer rig was reasonably safe under the conditions that existed and, of course, each opined that his own speed was appropriate.

We believe that a strong possibility exists that the jury was misled by the two above mentioned instructions in evaluating that testimony. The combination of BAJI Nos. 3.16 and 3.40 under the facts of this case could have and probably did lead the jury to believe that the standard of care in general and the speed law in particular is different for drivers of large trucks than for the ordinary motorist.

Neither BAJI No. 3.16 nor No. 3.40 has any place in a case involving a freeway collision between private vehicles whether they be freight or passenger vehicles. The operation of a large truck may be and probably is a dangerous activity. Such vehicles, improperly controlled, do present a special danger to others. The driver of a large truck, however, should exercise a greater not lesser amount of caution than the ordinary driver and take fewer not more risks than an ordinary driver.

Furthermore, any unique driving custom that may exist in the trucking industry would, on the public highway, have to yield to the basic speed law that limits the speed of any vehicle to that which is safe under the circumstances. When truckers share the public road with other motorists they are subject to the same standard of care as all motorists. That standard of care is not judged according to custom in the trucking business. In this case we believe the error in giving these instructions was prejudicial and, except as to the judgment in favor of Woodmancy, requires reversal. (Cal. Const., art. I, § 13.) Woodmancy who was merely a passenger in the ICX truck was guilty of no conduct which would constitute contributory negligence.

The judgment in favor of Woodmancy and against Irwindale is affirmed. Woodmancy to recover costs. The judgments in favor of Womack and Hardesty on their complaints against Irwindale are reversed. Irwindale to recover its costs. The judgment in favor of Knudsen on its cross-complaint against Irwindale is reversed and the judgment against Irwindale on its cross-complaint against Knudsen is also reversed. Irwindale to recover its costs. The order granting Knudsen a new trial limited to the issue of damages only is vacated.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied October 22, 1976, and the petitions of all the plaintiffs and respondents, the cross-complainant and respondent and the intervener and respondent for a hearing by the Supreme Court were denied November 18, 1976.